IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IDREES WEATHERS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT BICKELL, et al. | : | NO. 5:13-cv-01702 |
| | : | |

## ORDER

AND NOW, this 30th day of April 2014, upon consideration of the Report and

Recommendation of United States Magistrate Judge Lynne A. Sitarski (ECF No. 19), Petitioner

Idrees Weathers's Objection thereto (ECF No. 21), and the arguments contained in Petitioner's

Motion for Summary Judgment (ECF No. 20) and "Supplemental Habeas Corpus Petition" (ECF

No. 23), and upon independent review of Petitioner's Petition for Writ of Habeas Corpus (ECF

No. 1), "Amendment to Add to Habeas Corpus Petition" (ECF No. 4), "Traverse to Respondent's

Answer" (ECF No. 13), and Motion for Leave to Amend (ECF No. 14), it is hereby ORDERED

as follows:

1.  The Clerk of Court is directed to remove this matter from suspense.

2.  Petitioner's objections to the Report and Recommendation ("R&R") are OVERRULED.
    This Court must make "a de novo determination of those portions of the report or
    specified proposed findings or recommendations to which objection is made." 28 U.S.C.
    § 636(b)(1)(C). Petitioner makes the following objections to the R&R:

    First, Petitioner complains that the Magistrate Judge improperly accepted the
    Pennsylvania Superior Court's statement that the police found marijuana, Vicodin pills,
    cash, a scale, and a knife inside a vehicle that Petitioner had recently occupied, when in
    fact these items were found on the person of Petitioner's co-defendant, Antwan
    Richardson. (See Pet'r's Objection to R&R 1–2, ECF No. 21.) Petitioner is mistaken,
    however, because the Magistrate Judge specifically points out that the Superior Court's
    finding is "erroneous[]" and "contrary to the testimony at trial." (R&R 16 n.4, ECF No.
    19.) Therefore, Petitioner's belief that the Magistrate Judge "is acting as an advocate for
    the state courts," see Pet'r's Objection to R&R 2, is unfounded. Further, Petitioner does
    not explain how the Superior Court's factual recitation has any effect on the validity of
    his conviction or sentence. This objection is accordingly overruled.

1

Petitioner next argues, in both his Objection to the R&R and his Motion for Summary Judgment,[1] that his trial counsel, Jeffrey Conrad, lied to the PCRA Court about the advice he gave to Petitioner before his trial ("Claim A"). (See Pet'r's Objection to R&R 2–4; Pet'r's Mot. Summ. J. 2, ECF No. 20.) At the PCRA hearing, Mr. Conrad testified that he advised Petitioner that he faced a maximum of 15½ to 31 years' imprisonment if he were convicted at trial. (PCRA Hr'g Tr. 10:3–25, Gov't's Resp. Ex. I, ECF No. 11-2 at 116.) According to Petitioner, Mr. Conrad's testimony lacks credibility because the sentencing judge sentenced Petitioner to imprisonment of 8½ to 21 years and made no mention of a 15½-to-31-year maximum. (Pet'r's Objection to R&R 3; see Sentencing Tr. 13:23–14:11, Gov't's Resp. Ex. C, ECF No. 11-1 at 215–16.) This contention has no merit. First, as the PCRA Court noted, Petitioner did face a maximum sentence of 15½ to 31 years, and so his attempt to impugn Mr. Conrad's credibility on this point fails. (See PCRA Court Feb. 10, 2012 Op. 2, Gov't's Resp. Ex. J, ECF No. 11-2 at 130.) Second, Petitioner's alleged discrepancy cannot change the fact that the PCRA Court found his testimony, which claimed that Mr. Conrad promised only a 5-to-10-year maximum sentence, "simply not credible." (See id. at 5, ECF No. 11-2 at 133.) And as the Magistrate Judge points out, this Court cannot disturb a state court's factual finding unless there is "clear and convincing evidence to the contrary." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); see R&R 8. Because Petitioner has failed to produce clear and convincing evidence that the PCRA Court's credibility determination was incorrect, his objection is overruled.

Petitioner also objects to the Magistrate Judge's recommendation concerning his claim of prosecutorial misconduct ("Claim B"). Petitioner believes that Mr. Conrad lied about having received an allegedly damaging photograph of Petitioner in discovery, and even if Mr. Conrad did receive the photograph, Petitioner claims not to have seen it himself before his trial. (Pet'r's Objection to R&R 4.) These unsupported statements do not come close to establishing that prosecutorial misconduct occurred. Moreover, Petitioner offers no response to the Magistrate Judge's conclusion that Claim B is procedurally defaulted. This Court will therefore overrule his objection.

Petitioner's next objection maintains that the procedural default of his next two claims ("Claim C" and "Claim D") should be excused because both his trial and PCRA counsel failed to raise them, despite Petitioner's instruction to do so. (See Pet'r's Objection to R&R 4.) Ineffective assistance of counsel in a collateral proceeding may provide cause to excuse the default of an ineffective-assistance-of-trial-counsel claim that could not have been raised prior to the collateral proceeding. Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012). But establishing cause for a procedural default will not aid Petitioner unless he can also demonstrate "actual prejudice as a result of the alleged violation of federal law." Coleman v. Thompson, 501 U.S. 722, 750 (1991). As the Magistrate Judge points out, Claim C, which alleges an abuse of discretion by the sentencing court, could have been

---

[1] This Court denied Petitioner's Motion for Summary Judgment on February 27, 2014, but indicated that Petitioner's arguments would be considered as further objections to the R&R. (See Feb. 27, 2014 Order Denying Summ. J., ECF No. 22.)

raised on direct appeal and thus falls outside <u>Martinez</u>'s holding. (<u>See</u> R&R 14 n.3.) Consequently, Petitioner cannot establish cause for the procedural default of Claim C. <u>See Martinez</u>, 132 S. Ct. at 1315. He also cannot establish prejudice under <u>Coleman</u>, for Claim C concerns only the sentencing court's application of the state sentencing guidelines; nowhere does Petitioner allege that the court violated federal law. (<u>See</u> Pet. for Writ of Habeas Corpus 12, ECF No. 1 at 9; Pet'r's Traverse 10–11, ECF No. 13.) Claim D fares no better. In the first part of Claim D, Petitioner claims that Mr. Richardson's Vicodin pills were in fact Xanax pills, and that Mr. Conrad was ineffective for failing to investigate this issue. (<u>See</u> Pet'r's Traverse 11.) Petitioner cannot possibly demonstrate actual prejudice on this point, for the evidence at trial conclusively established that the pills contained Vicodin, not Xanax, and no investigation by Mr. Conrad could have altered that fact. (<u>See</u> Trial Tr. 216:17–219:10, ECF No. 11-1 at 103–104.) The second portion of Claim D alleges that Mr. Conrad had a conflict of interest because he asked Petitioner for a bag that was evidence in the case. (<u>See</u> Pet'r's Traverse 12–13.) According to Petitioner, if he had "tried to use 'the prosecution doesn't have the evidence,' [Mr. Conrad] would've probably gave [sic] up the evidence to the prosecution." (<u>Id.</u> at 13.) This line of reasoning is wholly speculative and does not support Petitioner's conclusion that a conflict of interest existed. Therefore, Petitioner's objection concerning Claims C and D is overruled.

Finally, Petitioner claims that the trial court subjected him to a more severe minimum sentence because of the amount of heroin he possessed, even though "[t]he issue of the weight of the heroin was not submitted to a jury for trial, or ever admitted to by the petitioner." Pet'r's Suppl. Habeas Corpus Petition 1, ECF No. 23; <u>see</u> <u>Alleyne v. United States</u>, 133 S. Ct. 2151, 2155 (2013).[2] But Petitioner is factually mistaken on this point, for the jury made a specific finding that he possessed between 10 and 100 grams of heroin. (<u>See</u> Trial Tr. 467:6–468:24, ECF No. 11-1 at 195.) As a result, Petitioner's argument has no merit, and to the extent he proffers it as an objection to the R&R, his objection is overruled.

3. For the foregoing reasons, the Report and Recommendation (ECF No. 19) is APPROVED and ADOPTED.

4. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED without an evidentiary hearing.

5. No certificate of appealability shall issue.

---

[2] Petitioner's "Supplemental Habeas Corpus Petition" (ECF No. 23) repeats and expands upon an <u>Alleyne</u>-based argument that Petitioner first raised in his Motion for Leave to Amend (ECF No. 14). Because the Magistrate Judge fully assessed the merits of this claim in the R&R, <u>see</u> R&R 18–19, this Court will not refer the "Supplemental Habeas Corpus Petition" to the Magistrate Judge for an additional R&R, but will instead construe it as an objection to the existing R&R's analysis of Petitioner's <u>Alleyne</u> claim.

6. The Clerk of Court shall mark this matter CLOSED for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.